THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-0033-JCC |
| Plaintiff, | ORDER |
| v. | |
| MARIA ANGELICA MALDONADO, ISMAEL GARCIA SR., and ANTHONY J. BUSTOS, | |
| Defendants. | |

This matter comes before the Court on the parties' stipulation for entry of a discovery protective order (Dkt. No. 41). Having thoroughly considered the motion and the relevant record, the Court hereby ENTERS the following protective order:

1. <u>Protected Material</u>

When producing information to the defense, the government can designate appropriate materials "Protected Materials." They will be marked and labeled as "Protected Material" and can include:

 a. Financial documents;

 b. Audio, video, photographic, and written recordings of witnesses; and

 c. Materials containing personal identifying information.

As used in this Order, the term "personal identifying information" includes a person's full name, banking and financial information, picture or likeness, voice recording, date of birth, Social Security number (or other identification information), driver's license number, address, telephone number, location of residence or employment, medical records, and other confidential information.

The United States will make available copies of Protected Materials to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Materials is limited to the defense attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the defense attorneys of record (hereinafter collectively referred to as members of the defense team).

2. <u>Scope of Review of Protected Material</u>

The attorneys of record and members of the defense teams may display and review the Protected Material with their respective Defendant. The attorneys of record and members of the defense teams agree that providing copies of the Protected Material to the Defendants and other persons is prohibited and they will not duplicate or provide copies of Protected Material to the Defendants and other persons. The only exception to this prohibition is that the attorneys of record and members of the defense teams may provide electronic copies of Protected Material to the Federal Detention Center at SeaTac, Washington, for use in a controlled environment by their respective Defendant, who is currently in custody at the FDC.

The United States Attorney's Office for the Western District of Washington is similarly allowed to display and review the Protected Material with lay witnesses, but is otherwise prohibited from providing copies of the Protected Material to lay witnesses, i.e. non-law enforcement witnesses.

3. <u>Consent to Terms of Protective Order</u>

Members of the defense teams shall provide written consent and acknowledgement that they will each be bound by the terms and conditions of this Protective Order. The written

consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

4. Parties' Reciprocal Discovery Obligations

Nothing in this order should be construed as imposing any discovery obligations on the government or the Defendants that are different from those imposed by statute, case law, the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

5. Disclosures by the United States.

This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the government's discovery obligations.

6. Filing of Protected Material

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

7. Non-termination

The provisions of this Order shall not terminate at the conclusion of this prosecution.

DATED this 1st day of March 2018.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE